1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

7  GEMINI INSURANCE COMPANY,     )               3:14-cv-00121-LRH-WGC
                                )

8          Plaintiff,           )                   **ORDER**
                                  )

9          vs.                )
                                  )        **re: Doc. # 15**

10  NORTH AMERICAN CAPACITY     )
INSURANCE COMPANY,          )

11                                 )
        Defendant.          )

12  _____)

13

14        Before the court is Defendant North American Capacity Insurance Company's (North American)

15  Motion to Compel Plaintiff Gemini Insurance Company (Gemini) to Produce Documents and Privilege

16  Log and for Sanctions. (Doc. #  15.) [1]

17  **I.  Meet & Confer Prerequisite**

18        For the court to consider any discovery motion, the parties are first required to meet and confer

19  to attempt to resolve their discovery dispute. This obligation arises under both the Federal Rules of Civil

20  Procedure (Rule 37(a)(1)) and the Local Rules of the United States District Court for the District of

21  Nevada (Local Rule 26-7(b)). L.R. 26-7(b) provides as follows:

22          Discovery motions will not be considered unless a statement of the movant is attached
        thereto certifying that, after <u>personal consultation</u> and sincere effort to do so, the parties

23          have been unable to resolve the matter without Court action. (Emphasis added)

24        Local Rule 26-7 parallels the language of its predecessor, Local Rule 190-1(f)(3). Both iterations

25  required <u>personal consultation</u> among counsel before proceeding with a discovery motion.

26        A decision of the United States District Court regarding then L.R. 190-1(f)(2) discussed the

27  importance of a <u>sincere</u> effort to resolve a discovery dispute, which absent unique circumstances, must

28  involve personal consultation among counsel. *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170

---

[1] Refers to court's docket number.

F.R.D. 166, 171 (D. Nev. 1996).

In *Shuffle Master, Inc.*, movant's attempts to comply with FRCP 37's meet and confer requirements involved transmission of demand letters by fax and one telephone call to inform the plaintiff that the plaintiff's discovery responses were incomplete. *Id.* The court concluded these efforts did not constitute satisfaction of Rule 37. *Id.* The court explained "good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Id.* at 171. The court stated a satisfactory meet and confer must entail "a personal or telephonic consultation during which the parties engage in meaningful negotiations or otherwise provide legal support for their position." *Id.* at 172.

The court has reviewed Mr. Grad's Declaration regarding his client's (North American's) discovery to Plaintiff Gemini Insurance Company. (Doc. # 15-1.) It appears that North American served its Request for Production upon Defendant Gemini on June 9, 2014. Gemini responded on July 8, 2014, which, according to Mr. Grad mainly consisted of "extensive boiler plate objections." (*Id.* at 2, ¶ 8.) Gemini also indicated it would produce documents responsive to Plaintiff's request but apparently could not do so for another 35 days; Gemini's counsel apparently had not requested an extension from opposing counsel. (*Id.*)

Gemini's response prompted a letter regarding Plaintiff's discovery from Mr. Grad which in turn generated another series of letters and emails between counsel. (*Id.* at ¶¶ 9-15.) This exchange did not include any telephonic communications among counsel, let alone "personal consultation." Based upon the information presently before the court, it therefore does not appear to the court that defense counsel's attempts to resolve the discovery issues complies with either Fed. R. Civ. P. 37(a)(1) or Local Rule 26-7.[2]

Although the court is critical of Mr. Grad's meet and confer efforts, the court appreciates his apparent frustration with Plaintiff's counsel who, based upon the representations in the Declaration, has somewhat cavalierly self-adopted discovery extensions without first consulting with opposing counsel.

---

[2] The court is of the opinion that the obligation to attempt to informally resolve any discovery dispute imposes reciprocal obligations upon counsel to meet and confer.

Plaintiff's counsel's apparent failure to respond to Defendant's counsel regarding a production date is also troubling. (Doc. # 15-1, ¶ 14). Despite not responding to Defendants' discovery request, Gemini's counsel nevertheless has reputedly been able to prepare a motion for summary judgment which apparently will be filed soon. (*Id.* at ¶ 15.)[3]

Now, therefore, before Plaintiff files its response to Defendant's motion to compel, supervising counsel vested with full decision-making authority shall meet in person to address and attempt to resolve their discovery disputes. Plaintiff's responsive memorandum shall explain in detail counsel's efforts to comply with Fed. R. Civ. P. 37(a)(1) and Local Rule 26-7.

## II.  Special Order 109

Defendant's motion to compel included 68 pages of exhibits. Counsel are reminded of their obligation  to comply with § IV. D. of Special Order 109,[4] which reads in pertinent part as follows:

> **D.  Paper Copies for Chambers**
> Unless otherwise ordered by the court, Filing Users shall provide to chambers a paper copy of all electronic documents that exceed 50 pages in length.

Further, in accordance with Local Rule 10-3(a), exhibits submitted to the Court in paper form are to be tabbed.  Counsel are directed to include an index of their exhibits with their paper copy.

Finally, the court requests when submitting the paper copy, Counsel utilize copies which contain the court's CM/ECF header filing information.

**IT IS SO ORDERED.**

DATED:  August 1, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[3] If Plaintiff does file a motion for summary judgment, since (according to Defendant) Plaintiff has not satisfied its discovery production obligation, the court anticipates it will receive a Rule 56(d) request for deferral of the motion for summary judgment until after discovery – or at least that discovery relevant to the subject of the motion for summary judgment – has been completed.

[4] Special Order 109 is found on the court's website, www.nvd.uscourts.gov/forms.aspx.