UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| GEMINI INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY, AND DOES 1-10,<br><br>    Defendants. | 3:14-cv-00121-LRH-WGC<br><br>ORDER |

Before the Court is Defendant North American Capacity Insurance Company's ("North American") Motion for Reconsideration (Doc. #27)[1] of the Court's February 5, 2015 Order (Doc. #26). Plaintiff Gemini Insurance Company ("Gemini") filed an Opposition (Doc. #30), to which North American replied (Doc. #31).

**I.    Factual Background**

This case involves the responsibilities of two insurance companies to defend a suit against the insured contractor in an underlying Nevada state action titled *The Pointe Homeowners Association v. Valentine Construction, et al.* ("Underlying Case"). Doc. #16-3, Ex. 4. At issue in the Underlying Case was responsibility for repair work performed at property known as The Pointe at Third Creek, located in Incline Village, Nevada. *Id.* ¶0.1. On September 11, 2002, the Homeowners Association ("HOA") entered into an agreement with Valentine Construction ("Valentine") whereby Valentine would repair decks that were damaged by another contractor. Doc. #16 at 2. Valentine then retained Olsen Construction Company ("Olsen") to

---

[1] Refers to the Court's docket number.

1  provide labor and materials for Valentine's deck repairs. *Id.* at 3. Olsen conducted repair work
2  on the premises between 2002 and 2003. Doc. #21 at 8; Doc. #21-4, Ex. H at 3.
3        Gemini issued three separate policies to Olsen: the first spanning September 12, 2002, to
4  September 12, 2003; the second September 13, 2003, to November 18, 2003; and the third
5  January 16, 2004, to February 15, 2005. Doc. #21 at 10-11. Subsequently, North American and
6  Olsen entered into a Commercial General Liability Insurance Contract ("the Policy") to be
7  effective February 15, 2005, to February 15, 2006. The Policy states that North American "will
8  pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily
9  injury' or 'property damage' to which this insurance applies. We will have the right and duty to
10 defend the insured against any 'suit' seeking those damages." Doc. #16-3, Ex. 7 at NAC-
11 000195. The Policy only applies to property damage if the damage "is caused by an 'occurrence'
12 that takes place in the 'coverage territory'" and "during the policy period." *Id.* The Policy
13 asserts a number of exclusions, but most notable to the present Motion is the designated work
14 exclusion. The designated work exclusion states that the Policy does not apply to work
15 conducted by Olsen for new construction of residential units, remodeling of existing units, or
16 work performed on behalf of residential homeowners associations. *Id.* at NAC-000227.
17       The HOA sued Valentine on August 11, 2010. *See id.*, Ex. 2. On September 11, 2012,
18 Valentine filed a third-party complaint naming Olsen as a third-party defendant. *See id.*, Ex. 5.
19 Gemini agreed to defend Olsen in the Underlying Case on July 16, 2010. Doc. #21 at 9. Gemini
20 tendered the case to North American on November 28, 2012. *Id.* at 9-10. North American issued
21 a letter declining to defend Olsen on January 17, 2013. *Id.* at 10. Gemini filed suit against North
22 American in Nevada state court on February 5, 2014, stating causes of action for (1) declaratory
23 relief, (2) equitable contribution and reimbursement of defense fees and costs, and (3) equitable
24 contribution and reimbursement of settlement dollars. Doc. #1-1 at 9-11. North American
25 removed the case to federal court on March 6, 2014, on the basis of diversity of citizenship. Doc.
26 #1 at 2. Gemini then sought declaratory and equitable relief related to North American's duty to
27 defend Olsen in the Underlying Case (Doc. #16 at 1), and North American sought summary
28 judgment on the ground that the undisputed facts did not raise a potential for coverage under the

1  Policy (Doc. #21 at 1).

2  In an Order signed on February 5, 2015, the Court granted Gemini's Motion for Partial
3  Summary Judgment and denied North American's Motion for Partial Summary Judgment,
4  finding that Gemini established the existence of a potential for coverage under the Policy, and
5  North American failed to rebut this presumption. Doc. #26 at 14-15; *see United Nat'l Ins. Co. v.*
6  *Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004) (holding that under Nevada law, "[a]n insurer
7  . . . bears a duty to defend its insured whenever it ascertains facts which give rise to a potential
8  for coverage under the policy").

9  **II.     Legal Standard**

10  Upon motion by a party within twenty days of the entry of judgment, "the court may
11  amend its findings—or make additional findings—and may amend the judgment accordingly."
12  Fed. R. Civ. P. 52(b). Such a motion shall be accompanied by a motion for a new trial, or to alter
13  or amend a judgment under Federal Rule of Civil Procedure 59(e). A party can also seek relief
14  from final judgment under Federal Rule of Civil Procedure 60(b). "Reconsideration is
15  appropriate if the district court (1) is presented with newly discovered evidence, (2) committed
16  clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in
17  controlling law." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263
18  (9th Cir. 1993). "A Rule 59(e) motion may not be used to raise arguments or present evidence
19  for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*
20  *v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). District courts have discretion regarding whether
21  to grant a motion to amend under Rule 59(e) or 60(b). *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th
22  Cir. 2014).

23  **III.    Discussion**

24  North American focuses its Motion for Reconsideration on the section of the Court's
25  Order which found that the language of the Policy's designated work exclusion was ambiguous
26  and therefore must be interpreted in favor of the insured. North American does not identify
27  newly discovered evidence, clear error, or an intervening change in controlling law to justify
28  reconsideration. Rather, North American argues that the Court should not have cited non-

1  binding precedent that was not cited by either party in their briefs, and to which North American
2  did not have an opportunity to respond.  Doc. #27 at 4.  North American then cites additional
3  cases that it argues supports its claim that the language of the designated work exclusion was not
4  ambiguous as to timing, as the Court ruled in the February 5, 2015 Order.
5       As an initial matter, courts commonly rely on their own research on a legal issue in
6  addition to considering the legal authority cited by the parties.  *See Doe A. v. Green*, 298 F.
7  Supp. 2d 1025, 1041 (D. Nev. 2004) (noting that the court reached a conclusion after
8  "conducting its own legal research"); *WMCV Phase, LLC v. Tufenkian Carpets Las Vegas, LLC*,
9  No. 2:12-cv-1454, at *3 (D. Nev. Mar. 12, 2013) (noting that the court "assessed the pleadings,
10 examined the record, [and] conducted its own research").  Accordingly, the issue is one of law
11 and if a party believes that the court has erred in its application of the law, it has a complete right
12 of appeal.
13      Furthermore, the Court did not rely on *Ausmus v. Lexington Insurance Company*, No. 08-
14 cv-2342, 2009 WL 1098627 (S.D. Cal. Apr. 22, 2009), and *Bankers Insurance Company v.*
15 *Sisemore*, No. 1:08-cv-1865, 2009 WL 1309277 (E.D. Cal. May 11, 2009) as binding precedent,
16 and merely referred to these cases as two examples where the timing of a designated work
17 exclusion was unambiguous.  Moreover, the February 5, 2015 Order stated that "Nevada and
18 California case law concerning the applicability of designated work exclusions to conduct that
19 occurred before a policy is sparse," and referred to the above-cited federal cases as examples of
20 designated work exclusions with unambiguous language to show that North American did not
21 meet its burden to establish that the language of the exclusion precluded any potential for
22 coverage.  Doc. #26 at 10.
23      Here, by contrast, the language of the designated work exclusion is ambiguous as to time
24 because a reasonable insured could believe that the exclusion was meant only to apply to work
25 conducted during the coverage period of the insurance contract.  As the Court previously held,
26 "while the phrase 'conducted by you or on your behalf' is unambiguous as to what work is
27 covered, the designated work exclusion as a whole is ambiguous with respect to the dates for
28 which it applies."  *Id.* at 11.  Any limitation in policy coverage must "clearly and distinctly

1  communicate[] to the insured the nature of the limitation." *Nat'l Union Fire Ins. Co. v. Reno's*
2  *Exec. Air*, 682 P.2d 1380, 1382 (Nev. 1984).  Where a limitation lacks clarity, "ambiguities are to
3  be resolved in favor of the insured." *Farmers Ins. Exch. v. Neal*, 64 P.3d 472, 473 (Nev. 2003).
4  Due to the ambiguities of the designated work exclusion, considered in favor of the insured, the
5  Court declined to grant summary judgment in North American's favor.
6        Importantly, the Court held that North American *failed to meet its burden* to establish that
7  there was no possibility of coverage.  Once the insured raises the possibility of coverage under
8  the policy, the insurer has a "heavy burden" to show that the insured's complaint "can by no
9  conceivable theory raise a single issue which would bring it within the policy coverage." *Anthem*
10 *Elecs., Inc. v. Pac. Emps. Ins. Co.*, 302 F.3d 1049, 1056 (9th Cir. 2002) (quoting *Montrose*
11 *Chem. Corp. of Cal. v. Superior Court of L.A. Cnty.*, 861 P.2d 1153, 1160 (Cal. 1993)).
12 Regardless of the Court's view that the designated work exclusion at issue was ambiguous as to
13 time, the Court ultimately held that it could not grant summary judgment in North American's
14 favor because North American did not meet its burden to establish that the designated work
15 exclusion precluded any possibility of coverage under the policy.  Doc. #26 at 11.  The Court
16 therefore granted summary judgment in Gemini's favor because the showing of a potential for
17 coverage was not successfully rebutted.  *See United Nat'l Ins. Co.*, 99 P.3d at 1158 ("If there is
18 any doubt about whether the duty to defend arises, this doubt must be resolved in favor of the
19 insured.").
20       North American has not identified newly discovered evidence, clear error, or an
21 intervening change in controlling law to justify reconsideration.  As such, North American's
22 Motion serves primarily to argue issues that could have reasonably been raised in its prior
23 motion, which is an improper basis for a Motion for Reconsideration.  *Carroll*, 342 F.3d at 945.
24 Nonetheless, the Court has reviewed the February 5, 2015 Order (Doc. #26) and the pleadings
25 submitted by both parties, and denies North American's Motion for Reconsideration.
26 ///
27 ///
28 ///

**IV.     Conclusion**

IT IS THEREFORE ORDERED that North American's Motion for Reconsideration of the Court's February 5, 2015 Order (Doc. #27) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of April, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE